IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PAIN RELIEF SPECIALISTS                )
NORTHWEST, P.C.,                       )
                                       )
            Plaintiff,                 )    Civil Case No. 06-00025-KI
                                       )
      vs.                              )    OPINION AND ORDER
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Defendant.                 )


        Stephen T. Boyke
        Greene & Markley, P.C.
        1515 SW Fifth Avenue, Suite 600
        Portland, Oregon  97201

             Attorney for Plaintiff

        Karin J. Immergut
        United States Attorney
        District of Oregon
        1000 SW Third Avenue, Suite 600
        Portland, Oregon  97204


Page 1 - OPINION AND ORDER

James E. Weaver
Jeremy N. Hendon
Trial Attorneys, Tax Division
U.S. Department of Justice
Ben Franklin Station, P. O. Box 683
Washington, D.C.  20044

       Attorneys for Defendant

KING, Judge:

This action concerns the result of a collection due process proceeding for unpaid federal

employment taxes owed by plaintiff Pain Relief Specialists Northwest, P.C. ("Pain Relief").

Pain Relief alleges that the Appeals Officer abused her discretion in rejecting its proposed

installment agreement and demanding different terms.  Before the court are the United States'

Motion for Summary Judgment (#8) and Plaintiff's Motion for Summary Judgment (#13).  For

the reasons below, I grant the motion of the United States and dismiss the action.

## FACTS

Pain Relief provides medical services.  For the quarters from October 1, 2003 through

December 31, 2004, it failed to properly withhold or pay over to the Internal Revenue Service

("IRS") income, Social Security, and Medicare taxes for its employees.  By the middle of 2005,

Pain Relief's employment tax liability was approximately $750,000.

On June 20, 2005, the IRS issued to Pain Relief a Final Notice, Notice of Intent to Levy.

On June 24, 2005, the IRS issued a Notice of Federal Tax Lien Filing.  Pain Relief requested a

collection due process ("CDP") hearing which challenged the levy and lien collection actions but

did not challenge the underlying tax liabilities.  The IRS assigned Settlement Officer Jean

Page 2 - OPINION AND ORDER

Duncan, who scheduled a CDP hearing for October 26, 2005.  Pain Relief was represented

during the CDP process by attorney Stephen Boyke.

SO Duncan kept a contemporaneous log of her actions on the case.

On October 19, 2005, SO Duncan spoke with Boyke, who said that his client had hoped

to have $250,000 available as a down payment against the tax obligations but the funds had not

materialized.  Boyke also said that he was gathering financial information to support a viable

payment proposal.  SO Duncan advised that the total amount due was then in excess of

$1 million.  Boyke told her that at least $20,000 was being paid per month to junior creditors

with whom Pain Relief had negotiated deals.

The CDP hearing was held on October 26, 2005.  SO Duncan's log states:

> Edward McCluskey, POA Boyke and McCluskey's father and two
> accountants in office.  Explained appeal process.  Boyke proposed payment
> agreement of $10K/month beginning 11/01/05 for 5 months, then $25K/month
> until 01/01/2007 at which time payment could be increased in $50K.  Examined
> projections prepared by corp.  Corp has # of agreements with creditors to help
> corp succeed.  However, corp paying $32,000/month to creditors junior in priority
> to IRS and $20K/month to ODR [Oregon Department of Revenue] on their $160K
> debt.  Income will go up after 1-2006 when they bring on new doctors which will
> increase their net income by at least $35K/month/doctor because doctor's taxes
> paid by hospital.  Corp. also paid $103K on past bills in September and $61K on
> past bills in October with -0- being paid to IRS on back taxes.  Advised Dr.
> McCluskey that payment proposal not acceptable but that I needed to analyze
> projection further to determine what payment amount I was willing to accept.
> Corp. unable to pay bal due for 01 200506 and enter installment agreement.  POA
> to provide detail of assets and secured creditor info.  I will contact POA next week
> to advise him of installment agreement I am willing to enter.

Decl. of Duncan Ex. F.  After the CDP hearing, Pain Relief provided no additional information

prior to November 1, 2005.

By November 1, 2005, SO Duncan finished her review of Pain Relief's cash flow projection. She made notations on the projection of payments totaling over $32,000 per month to creditors that she considered junior to the IRS, as well as payments to ODR of $20,000 per month. Further, the projection shows that Pain Relief had paid over $160,000 on past due accounts in September and October 2005.

On November 1, 2005, SO Duncan contacted Boyke with her counterproposal. She proposed that Pain Relief pay $25,000 each month in November and December 2005 and $60,000 per month starting in January 2006 if an additional doctor was hired.

On November 9, 2005, SO Duncan left a message for Boyke to call her back. He did not. On December 2, 2005, SO Duncan recommended that the lien and proposed levy actions of the IRS be sustained. On December 8, 2005, the IRS issued a Notice of Determination which sustained the proposed levy action and the filing of the Notice of Federal Tax lien. The Notice of Determination contained a two-page summary of the appeal, apparently drafted by SO Duncan.

SO Duncan noted that Pain Relief had not disputed the underlying liabilities and had a separate balance due for the tax period ending March 31, 2005. She further noted that Boyke proposed an installment agreement of $10,000 per month for five months beginning on November 1, 2005 and then $25,000 per month until January 1, 2007. Her reasoning was:

> The determination of Appeals is that acceptance of the taxpayer's payment proposal is not in the best interest of the Government. The corporation's payment proposal to the Service is based [on] the taxpayer's projected income and expenses and after payment of $32,000/month to creditors junior in priority to the Service and $20,000/month to Oregon Department of Revenue. The taxpayer's balance(s) due exceed $1,000,000. The Settlement Officer determined that a higher priority should be given to the tax liabilities by virtue of the Notice of Federal Tax lien and proposed that the taxpayer agree to payments of $25,000/month in November and December, 2005 and $60,000/month in January

2006 and every month thereafter if additional doctors are hired.  Mr. Boyke nor
the taxpayer contacted the Settlement Officer to accept the Settlement Officer's
proposal.  Since the taxpayer has not proposed any other collection alternative, the
taxpayer has failed to demonstrate that the taken or proposed collection action is
overly intrusive or that a better collection alternative is available.  In balancing the
proposed collection action with less intrusive collection alternatives, the balance
favors the issuance of a levy, notwithstanding its intrusiveness, due to the absence
of a viable collection alternative.

United States' Concise Statement of Undisputed Material Facts in Supp. of its Mot. for Summ. J.

Ex. I at 4.

        Both parties filed declarations from people who took part in the CDP hearing process

which fill in more details.  SO Duncan states that although the Notice of Determination neglected

to mention the part of Pain Relief's proposal calling for $50,000 monthly payments beginning in

2007, she was aware of the term, as reflected in her contemporaneous log.  SO Duncan also

states that she took this term into consideration when she rejected the proposal.  According to

SO Duncan, she focused on Pain Relief's ability to make payments out of future income, as well

as the IRS' priority claim to future accounts receivable due to 26 U.S.C. § 6323, the amount Pain

Relief earmarked to other creditors, and the size of the tax obligation owed by Pain Relief versus

the small initial payments to the IRS under Pain Relief's proposal.

        Suzanne Taylor is a certified public accountant who attended the CDP hearing on Pain

Relief's behalf and prepared the financial projection given to SO Duncan.  Taylor explained to

SO Duncan that Pain Relief received a one-time rise in income during the summer of 2005 due to

catch-up billings of accounts receivables that had not been billed for many months earlier that

year.  This income was used to make the approximately $160,000 in payments to overdue

accounts in September and October 2005.  Taylor also states that she told SO Duncan that Pain

Relief was renegotiating its payments with ODR, to accept $7,000 per month instead of the

$20,000 per month in the financial projection, and with Physician Sales and Service ("PSS") to

make a similar reduction.  SO Duncan was also told:  (1) Pain Relief's assets consisted of

accounts receivable worth approximately $400,000 to $450,000 and equipment with a liquidation

value of approximately $300,000; (2) PSS and Portland Adventist Hospital ("Adventist") were

secured creditors with seniority over the IRS; (3) ODR had assessed its taxes before the IRS so

ODR's lien was superior to IRS's lien; (4) if Pain Relief was liquidated, the IRS would receive

no more than $250,000 and likely significantly less; (5) without a feasible installment agreement,

Pain Relief might be forced to file for bankruptcy so that it could repay the tax debt in level

payments over five years; and (6) Pain Relief's proposal was intended to cover all outstanding

tax liabilities, including the first two quarters of 2005.

Boyke also supplied a declaration explaining some of the information he gave to

SO Duncan.  He told her that Pain Relief was seeking an outside source of capital investment of

$250,000 which it hoped could act as a "downstroke" on an installment agreement with the IRS.

Boyke also explained to SO Duncan:  (1) the ODR lien was superior to the IRS lien because of

the order the agencies assessed the taxes; (2) PSS had a voluntary security agreement and UCC

filing on equipment it sold to Pain Relief earlier in 2005; (3) the PSS UCC filing predated the

filing of the IRS notice of federal tax lien; (4) PSS had a judgment against Pain Relief for about

$275,000; and (5) under the 45-day rule in 26 U.S.C. § 6323, the IRS lien had gained priority

over the prior lien of Adventist but had not gained priority over the ODR lien.

When SO Duncan called Boyke on November 1, 2005 to convey the IRS counterproposal,

Boyke told her that he had verified the ODR and IRS assessment dates.  SO Duncan replied that

it does not matter. Boyke told her the IRS proposal was not feasible and he thought it would be impossible for Pain Relief to make the payments. SO Duncan said the counterproposal was the best she could do. She gave Boyke the impression she was not willing to negotiate any further.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

I.    Applicable Law

Prior to issuing an administrative tax levy or filing a notice of lien, the Internal Revenue Service ("IRS") must give a taxpayer notice of an opportunity for a CDP hearing held by the IRS Office of Appeals. 26 U.S.C. §§ 6320(a)-(b), 6330(a)-(b). At the CDP hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses; challenges to the appropriateness of collection actions, and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. Id. at § 6330(c)(2).

When making a determination at a CDP hearing, the appeals officer is required to take into consideration:  (1) the verification that laws and administrative procedures were followed; (2) the issues properly raised as stated above; and (3) "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Id. at § 6330(c)(3)(C).

In a CDP case in which the amount of the underlying tax liability is not at issue, the court reviews the determination of the IRS appeals officer for an abuse of discretion. Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005); Robinette v. Commissioner of the Internal Revenue Service, 439 F.3d 455, 458-59 (8th Cir. 2006). An abuse of discretion occurs "when a decision is based on an erroneous view of the law or a clearly erroneous assessment of the facts." Fargo v. Commissioner of Internal Revenue, 447 F.3d 706, 709 (9th Cir. 2006). "[W]ithout a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS, as contemplated by Congress, the judiciary will inevitably become involved on a daily basis with tax enforcement details that judges are neither qualified, nor have the time, to administer." Olsen, 414 F.3d at 150 (quoting Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 631 (6th Cir. 2005)); Robinette, 439 F.3d at 464 (quoting a portion of the same statement). Taxpayers have further post-deprivation procedures in addition to the CDP hearing. Olsen, 414 F.3d at 151.

The record is limited to the evidence that was before the IRS appeals officer who made the CDP determination.[1] Robinette, 439 F.3d at 459-62 (used appeals officer's log and brief

---

[1]            The case file, including the taxpayer's request for hearing, any other written communications and information from the taxpayer or the taxpayer's authorized representative submitted in connection with the CDP hearing, notes made by an Appeals officer or employee of any oral communications with the taxpayer

notes of discussions, memorandum explaining his reasons, offer of compromise and letters sent

by the IRS); <u>Olsen</u>, 414 F.3d at 154-55 (same, but notes exceptions for bad faith or an agency

explanation that is so inadequate that it frustrates effective judicial review). Under this rule, I

will rely on the declarations filed by people who attended the CDP hearing. These declarations

provide additional information which was relied on by SO Duncan but which was not noted in

her limited contemporaneous log. I will not rely on the cash flow calculations contained in

Exhibit 3 to the McCluskey Declaration, however, because this was created after the hearing and

not provided to SO Duncan.

II.    <u>The Parties' Contentions</u>

The United States seeks an order affirming the determination of the IRS that sustained the

filing of a notice of federal tax lien against plaintiff and sustained a proposed levy action to

collect employment tax obligations owed by plaintiff for calendar quarters from October 1, 2003

through December 31, 2004. The United States notes that plaintiff does not challenge the

underlying tax liability. The United States contends that plaintiff's installment proposal

relegated the IRS to a junior-creditor status and deferred substantial repayment of employment

tax obligations until other creditors were first paid substantial amounts. As argued by the United

States, the IRS is not required to consider whether collection actions will yield revenue or shut

---

or the taxpayer's authorized representative, memoranda created by
the Appeals officer or employee in connection with the CDP
hearing, and any other documents or materials relied upon by the
Appeals officer or employee in making the determination under
section 6330(c)(3), will constitute the record in the Tax Court
review of the Notice of Determination issued by Appeals.

26 C.F.R. § 301.6330-1(2)(A-F4) (effective November 16, 2006).

down a taxpayer's business. It also contends that SO Duncan's counterproposal was especially generous in light of the additional taxes accruing in 2005. Thus, the United States contends that SO Duncan did not abuse her discretion in making the determination.

Pain Relief argues that SO Duncan abused her discretion. It notes that mismanagement by the prior administrative team caused the tax liability to accrue. Pain Relief informed SO Duncan that before the CDP hearing, Pain Relief had reached repayment arrangements with many other creditors, including three with secured rights it believes were senior to the IRS: PSS, ODR, and Adventist. Pain Relief was also concerned about those creditors' collection efforts. It believes that the IRS counteroffer would have caused a severe cash flow problem that would have forced it out of business. Pain Relief also argues that the IRS proposal sought to capture all projected cash available after ongoing business expenses, leaving no money to pay other creditors.

In response, the United States contends that Pain Relief's proposal gave significant preference to numerous creditors junior to the IRS with respect to future income and accounts receivable. The United States argues that Pain Relief was asked to provide additional secured creditor information at the CDP hearing but did not. Similarly, Pain Relief did not respond to the IRS counterproposal even though SO Duncan made follow-up contacts. The United States also argues that PSS is not a senior secured creditor with respect to accounts receivable created after the filing of the Notice of Federal Tax Lien on July 27, 2005. Similarly, the United States argues that PSS is also a junior creditor on existing accounts receivable because PSS has not levied on the property by attachment or garnishment. Concerning Adventist, the United States contends that it could not have maintained priority beyond 45 days after the filing of the Notice of Federal

Page 10 - OPINION AND ORDER

Tax Liens, due to 26 U.S.C. § 6323. Concerning ODR, the United States contends that it is impossible to tell from the record before SO Duncan whether ODR has a priority position with respect to certain financial assets. The United States notes, however, that SO Duncan did not indicate that ODR was a junior creditor but rather was concerned that under Pain Relief's proposal, the smaller ODR obligation would be paid in eight months while the larger IRS obligation remained unpaid.

III.    Abuse of Discretion Analysis

I will first address a few smaller issues Pain Relief raises concerning the Notice of Determination and SO Duncan's log. The Notice of Determination did not include Pain Relief's proposed term of $50,000 per month beginning in January 2007. I do not consider this significant. SO Duncan included this term in her log and states in her declaration that she was well aware of it when making her determination.

Pain Relief disputes the truth of the Notice of Determination's statement concerning payments to ODR and creditors junior to the IRS. Pain Relief notes that its representatives informed SO Duncan during the CDP hearing that it was renegotiating these payments for lesser amounts. I accept this as true but note that SO Duncan was working from the written financial projection provided by Pain Relief. I do not believe it is an abuse of her discretion to do so rather than rely on oral statements about renegotiations, some of which were still in progress. Pain Relief could have provided multiple financial projections, one showing the current state of affairs and one showing the results sought by the renegotiations.

Pain Relief is concerned that all of the information it conveyed to SO Duncan is not noted in her contemporaneous log. CDP hearings are held informally without an exact record being

made of the hearing or of any previous or subsequent conversations.  There is no requirement

that a record at that level of detail be kept.  See Olsen, 414 F.3d at 150 ("in providing for CDP

hearings on what is ordinarily a scant record, Congress must have been contemplating a more

deferential review of these tax appeals than of more formal agency decisions") (internal

quotation omitted).  SO Duncan noted the terms of the various proposals in her log.  The

information left out is of a nature that it could be remembered by a professional concentrating on

the case.  No abuse of discretion was committed by not noting every piece of information

conveyed.

On the merits, SO Duncan was concerned by the size of the payments Pain Relief was

making to creditors that were junior to the IRS.  Although the parties dispute which precise debts

were junior, it is clear that some were.  It is also clear that the IRS debt was much greater than

the others but Pain Relief sought to make relatively small payments against it.  Large payments

were made to other creditors a few months earlier, when income had a short-term rise, but Pain

Relief sent nothing to the IRS.  Additionally, Pain Relief had negotiated with the other creditors

first and then came to the IRS to offer what remained of its revenue.  Finally, Pain Relief did not

pursue further counterproposals.  SO Duncan's decision is not based on an erroneous view of the

law or a clearly erroneous assessment of the facts.

Accordingly, I conclude that SO Duncan did not abuse her discretion when she sustained

the filing of a notice of federal tax lien and sustained a proposed levy action to collect

employment tax obligations owed by plaintiff for calendar quarters from October 1, 2003 through

December 31, 2004.

Page 12 - OPINION AND ORDER

**CONCLUSION**

United States' Motion for Summary Judgment (#8) is granted.  Plaintiff's Motion for

Summary Judgment (#13) is denied.  This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____28th_____ day of November, 2006.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge